**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
CHRISTOPHER SADOWSKI,

                         Plaintiff,

        -against-

PRIMERA PLANA NY, INC., et al.,

                        Defendants.
------------------------------------------------------------x

18-CV-10072 (GBD) (OTW)

**REPORT & RECOMMENDATION**

**ONA T. WANG, United States Magistrate Judge:**

**To the Honorable George B. Daniels, United States District Judge:**

## I. Introduction

Plaintiff Christopher Sadowski ("Plaintiff") filed suit on October 31, 2018 against Defendant Primera Plana NY, Inc., ("Defendant") for copyright infringement. (ECF 1). After Defendant failed to respond to the complaint, Plaintiff obtained a clerk's certificate of default on February 7, 2019. (ECF 16). Judge Daniels subsequently granted Plaintiff's motion for default judgment. (ECF 20). The matter was then referred to me for an inquest on damages. (ECF 21). Having reviewed Plaintiff's submissions, for the reasons below, I recommend that Plaintiff be awarded $11,900.

## II. Background

Plaintiff, a professional photographer, registered with the U.S. Copyright Office a photograph showing police cars at a crime scene. (Complaint ("Compl.") (ECF 1) ¶¶ 13-14). Plaintiff alleges that Defendant, operator of a Spanish-language news website, used Plaintiff's photograph in one of Defendant's online articles without obtaining Plaintiff's permission.

(Compl. ¶¶ 7-8, 17-18). Plaintiff now brings a claim of copyright infringement, seeking actual damages or statutory damages, attorney's fees and costs, and injunctive relief.[1] (Compl. ¶¶ 24-26).

## III. Discussion

### a. Inquest Standard

Even though a complaint's factual allegations are presumed true in the event of a default, damages allegations are not entitled to the same presumption. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Plaintiff must still supply an evidentiary basis for the specific damages amount sought. *Santana v. Latino Express Restaurants, Inc.*, 198 F. Supp. 3d 285, 292 (S.D.N.Y. 2016).

An inquest into damages may be conducted without an evidentiary hearing. See *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *2 (S.D.N.Y. May 14, 2012) ("[A] hearing is not required where a sufficient basis on which to make a calculation exists."). In this case, no hearing was requested or held, as the damages awarded can be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

---

[1] Because Plaintiff does not request injunctive relief in his inquest briefing, it is unnecessary to analyze whether it is appropriate to recommend an injunction against Defendant. (ECF 23). Regardless, Plaintiff has submitted no evidence to support any form of injunctive relief. *See Lane Crawford LLC v. Kelex Trading (CA) Inc*., No. 12-CV-9190 (GBD) (AJP), 2013 WL 6481354, at *12 (S.D.N.Y. Dec. 3, 2013) (denying injunctive relief where the plaintiff fails to cite any case law or reason for a permanent injunction post-default), *adopted by* 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014).

### b. Jurisdiction and Venue

This Court has proper subject-matter jurisdiction over the case as Plaintiff brings his claim under the Copyright Act. *See* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (copyrights). The Court also has general personal jurisdiction over Defendant; as Plaintiff alleges in the Complaint, Compl. ¶ 6, Defendant's principal place of business is located at 1026 6th Avenue, Suite 301N, New York, New York. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (listing place of incorporation and principal place of business as typical basis to find general jurisdiction). This allegation is supported by the New York Department of State's Division of Corporations's website, which, as of June 26, 2019, listed Defendant as an active domestic business corporation to be served at the above address. (ECF 25-1). Venue is also proper, as 1026 6th Avenue, New York, New York is located in Manhattan which is within the Southern District of New York.

### c. Liability

Copyright infringement contains two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). Here, Plaintiff alleges that he is the sole holder of the copyright to the photograph in question, and that Defendant used that same photograph in its article without obtaining Plaintiff's permission. (Compl. ¶¶ 13, 17-19). Plaintiff further alleges that Defendant had copied the photograph from a third-party website and knew that its reproduction was a willful infringement on Plaintiff's copyright. (Compl. ¶¶ 18, 20). Accordingly, Plaintiff has adequately pleaded a copyright infringement claim.

### d. **Damages**

Pursuant to 17 U.S.C. §504(a), Plaintiff has elected to recover statutory damages instead of his actual damages. (ECF 19 at 6). The relevant statute allows for up to $30,000 for infringements of a particular work, or, if the plaintiff can show that the infringement "was committed willfully," up to $150,000. 17 U.S.C. § 504(c)(1)-(2). Although willfulness may be shown through the defendant's knowledge, willfulness may also be "inferred from a failure to appear and defend the action." *Van Der Zee v. Greenidge*, No. 03-CV-8659 (RLE), 2006 WL 44020, at *3 (S.D.N.Y. Jan. 6, 2006). Because Defendant has failed to respond to the complaint or appear in this action, ECF 20, the Court can infer that Defendant's infringement was willful.[2]

Although statutory damages are capped at $150,000 for willful infringement, the "district judge has wide discretion in setting the statutory damage award." *See Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 265 (2d Cir. 2005). In determining the statutory damage amount, the Court may consider "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiff[] as a result of the defendant's conduct, and the infringer's state of mind." *See N.A.S. Import, Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). Where, as here, the plaintiff is unable to obtain any discovery from the defendant to identify the defendant's lost profits or revenues, courts have instead awarded statutory damages based on a multiplier of the licensing fee that the infringer would have had to pay the plaintiff. *See Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016).

---

[2] Plaintiff has also provided evidence of willfulness by showing that Defendant's article copied verbatim the photo credit originally listed in the Record Newspaper of Bergen County, where the photo was originally published. (ECF 2 at 4-7). This suggests that Defendant knew both Plaintiff's name and the fact that the newspaper obtained the photo from Plaintiff. (*See id*. (listing the credit as "Christopher Sadowski/special to the record [sic]")).

Plaintiff suggests a multiplier of five be applied to his probable licensing fee of $3,500, for a total statutory award of $17,500.[3] (ECF 23 at 4). Courts apply multipliers to send a message that "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Enter., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014) (quoting *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 916 F. Supp. 656, 660 (S.D.N.Y. 1996)). Within the Second Circuit, courts generally award a multiplier between three and five. *Prana*, 158 F. Supp. 3d at 199.

Unlike cases where the court awarded a multiplier of five, Plaintiff does not allege that he ever notified Defendant of the infringement or requested that the photograph be removed. *See, e.g., Korzeniewski v. Sapa Pho Vietnamese Restaurant Inc.*, No. 17-CV-5721 (MKB) (SJB), 2019 WL 312149, at *8 (E.D.N.Y. Jan. 3, 2019) (recommending a multiplier of five where the plaintiff had called the defaulting defendant seven times to remove the infringing photo), *adopted by* 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019); *Prana*, 158 F. Supp. 3d at 198 (awarding multiplier of five where the plaintiff sent 48 emails and visited defendants four times to request a halt to the infringing conduct); *Broadcast Music, Inc. v. Bayside Boys, Inc.*, No. 12-CV-3717 (CBA) (VMS), 2013 WL 5352599, at *6 (E.D.N.Y. Sept. 23, 2013) (awarding multiplier of five "due to the number of times Plaintiffs contacted Defendants in an attempt to resolve this issue and Defendants' disregard"); *R Bar*, 919 F. Supp. 656 at 660 (awarding multiplier of five where the plaintiff wrote to defendants ten times and spoke with them over twenty times to warn of the

---

[3] Plaintiff admits that he has not previously licensed this particular photograph, but submitted an invoice for a purportedly similar work for which he licensed at $3,500. (ECF 23 at 4; ECF 23-2 at 2). The Court finds that this estimate is reasonable. *See Philpot v. Music Times LLC*, No. 16-CV-1277 (DLC) (DF), 2017 WL 9538900, at *8 (S.D.N.Y. Mar. 29, 2017) (noting licensing fee for "equivalent work" can be appropriate measure of damages), *adopted by* 2017 WL 1906902 (S.D.N.Y. May 9, 2017).

5

infringement). Nor does Plaintiff explain in his inquest papers why the higher end of the range is appropriate here, only pointing to Defendant's willfulness by default.[4] (ECF 23 at 4). Accordingly, I recommend that Plaintiff be awarded statutory damages of **$10,500**, a multiplier of three. *See Michael Grecco Prod., Inc. v. Function(X) Inc.*, No. 18-CV-386 (NRB), 2019 WL 1368731, at *5 (S.D.N.Y. Mar. 11, 2019) (reducing multiplier to 2.5 because the record only showed a "modest evidence of willfulness"); *Nat'l Photo Group, LLC v. Bigstar Entertainment, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *4 (S.D.N.Y. Apr. 11, 2014) (recommending multiplier of three where the only evidence of willfulness was presumption by default), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014).

e. **Attorney's Fees and Costs**

Plaintiff also seeks recovery of reasonable attorney's fees and costs pursuant to 17 U.S.C. §505. (ECF 23 at 5). Although Section 505 still leaves it to the Court's discretion on whether the prevailing party should be awarded fees and costs, willful infringement by the defendant, as here, warrants such an award. *See Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999).

The Court has "considerable discretion" in determining a reasonable fee. *See Matusick v. Erie County Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014). "Reasonableness" entails examining both the attorney's hourly rate and the hours expended on the matter. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To determine a reasonable hourly rate, the Court can consider the attorney's experience in the field, what similar attorneys in the district charge, and

---

[4] Although a default creates an inference of willfulness, a default does not result in an automatic presumption that the maximum statutory damages are appropriate. *See Korzeniewski*, 2019 WL 312149, at *8 ("This Court, like others, will not simply award the maximum statutory damages because a defendant has defaulted.").

what other clients pay for similar services. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2008). Likewise, reasonable expenditure of hours looks at "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Here, the billing attorney, Saba A. Basria, has been practicing law for three years and is only admitted to practice in the state of California, billing at a rate of $250 an hour. (ECF 23-1 ¶ 7). Although Ms. Basria does not state whether she has any prior experience litigating copyright cases, $250 an hour is not unreasonable for a junior attorney. *See BWP Media USA Inc. v. Uropa Media, Inc.*, No. 13-CV-7871 (JSR) (JCF), 2014 WL 2011775, at *3 (S.D.N.Y. May 16, 2014) (awarding $200 an hour to a third-year associate with no stated expertise in copyright law).

Based on a total billed time of eight hours,[5] Plaintiff seeks $2,000 in attorney's fees. (*Id*.) Upon review of Plaintiff's counsel's submitted billing "breakdown," I find that the billed time is excessive. Counsel billed two hours for drafting a request for entry of a clerk's certificate of default, which only required filling in several entries in a one-page form. (ECF 15; ECF 23-4). Further, Plaintiff's counsel billed three hours for drafting a complaint, which appears substantially similar to the complaints filed on Plaintiff's behalf in other cases. *See, e.g.*, *Sadowski v. Admerasia Inc.*, No. 18-CV-10113 (VM), ECF 1 (S.D.N.Y. Oct. 31, 2018); *Sadowski v. Bradian*, No. 18-CV-337 (LLS), ECF 1 (S.D.N.Y. Jan. 12, 2018); *Sadowski v. Sell It Social LLC*, No.

---

[5] The Court is skeptical that Plaintiff's submitted "breakdown" of billed hours satisfies the "contemporaneous time records" typically required for attorney's fees applications. *See New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). It appears that Plaintiff's counsel merely rounded to the nearest hour in noting the time spent on tasks and was not relying on any contemporaneous records. (ECF 23-4 at 2). However, the chart contains the bare minimum of dates, description of the completed work, and the number of hours spent per task, which will allow the Court to determine whether the billed fees are reasonable.

17-CV-9677 (PAE), ECF 1 (S.D.N.Y. Dec. 8, 2017). Accordingly, I recommend awarding half of the billed time, four hours, resulting in an attorney's fee award of $1,000.

Plaintiff also seeks recovery of $500 for filing and service costs, but provides no documentation in support. (ECF 23-1 ¶ 8). "Where an attorney fails to provide suitable documentation to substantiate the costs incurred, a court may decline to award costs." *See Zimmerman v. Portfolio Recovery Associates LLC*, No. 09-CV-4602 (PGG), 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013). Because Plaintiff declined to provide any evidence of costs, the Court will take judicial notice of the $400 filing fee, as reflected on the docket, but will deny any additional costs. *See Mango v. Buzzfeed, Inc.*, No. 17-CV-6784 (VM), 2019 WL 4198866, at *8 (S.D.N.Y. Aug. 20, 2019). As a result, I recommend awarding **$1,400** in attorney's fees and costs.

### IV. Conclusion

For the foregoing reasons, I recommend that Plaintiff be awarded **$11,900**.

### V. Objections

In accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6. A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable George B. Daniels, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Daniels.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140,

155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

Respectfully submitted,

Dated: October 16, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge